UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROSETTA SMALLS,

                              Plaintiff,

v.                                               Civil Action No. _____

CENTRAL CREDIT SERVICES, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Rosetta Smalls is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Central Credit Services, Inc., (hereinafter "Central") is a foreign business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff Rosetta Smalls incurred an auto loan debt to Toyota Financial. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant Central was employed by Toyota Financial to collect the subject debt.

13. That in or about July of 2008, Defendant began calling the home of Plaintiff upwards to multiple times per week in an attempt to collect the subject debt.

14. That during one of the aforementioned telephone conversations in an attempt to receive payment Defendant demanded Plaintiff pay $500.00 per month towards the subject debt. Plaintiff stated she was on a fixed income and could only afford payments of $300.00 per month.

15. That in or about July of 2008, Plaintiff paid $300.00 of the subject debt.

16. That during one of the aforementioned telephone conversations in an attempt to receive payment Defendant stated, "You have money on your American Express [credit card], go get it." In fact, Plaintiff had no American Express account. During the conversation, Defendant was very rude, stating at one point, "I don't like you" and "you better come up with the money" very loudly. Defendant's tone scared Plaintiff.

17. That during the month of August of 2008, Defendant continued to call Plaintiff and demand $500.00 per month towards the subject debt. Plaintiff was so scared of Defendant's demands that she paid them $500.00, despite the fact that she had allocated said funds to pay her rent. As a result, Plaintiff was unable to pay her August of 2008 rental payment on time.

18. That during the month of August of 2008, Defendant left a message on Plaintiff's answering machine stating "Elijah Woods" is calling from a "law office." The message did not state the communication was from a debt collector.

19. That in or about August of 2008, Defendant called Plaintiff and spoke to her. During the conversation, Defendant insisted that Plaintiff pay $500.00 per month despite Plaintiff's repeated statements that she could not afford that amount. Plaintiff's daughter, Pamela Smalls observed this call and became concerned that Defendant had made her mother so upset.

20. That shortly after the telephone call described in paragraph 19 herein, Pamela Small called Defendant. During the call, Pamela Small informed Defendant that her mother was ill. Defendant replied, "I don't care what's going on, your mama owe." Ms. Small replied that

2

such was unprofessional. Defendant then called Ms. Small a bitch and hung up the telephone. Defendant subsequently hung up on Pamela Small multiple times when she attempted to call back and reason with them.

21. That in or about September of 2008, Plaintiff sent Defendant a cease and desist letter, informing Defendant to stop future telephone calls, by certified mail.

22. That despite receipt of the aforementioned letter Defendant continued to call Plaintiff multiple times per week to demand payment of the subject debt for several months.

23. On numerous occasions, Plaintiff would tell Defendant that she could not afford to pay the amount they were demanding because of her medication costs. Defendant would then reply that they did not care, that they wanted their money. Due to the rude, nasty and demanding tone in Defendant's voice, Plaintiff actually paid Defendant several times rather than paying for her necessary medications.

24. That as a result of Defendant's acts Plaintiff Rosetta Smalls became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

25. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692c(c) by failing to cease communication with Plaintiff after she sent a certified letter stating she wishes the Defendant to cease further communication with her.

   B. Defendant violated 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse the hear when stating, "You have money on your American Express [credit card], go get it," stating, "I'm tired of calling you," and leaving a message on Plaintiff's answering machine stating Defendant was calling from a "law office."

   C. Defendant violated 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass.

   D. Defendant violated 15 U.S.C. §1692d(1) and 15 U.S.C. §1692e(11) by failing to meaningfully disclose Defendant's identity and state that such communication is from a debt collector in the message left on Plaintiff's answering machine.

   E. Defendant violated 15 U.S.C. §1692g(a) by failing to provide notice of the subject debt to Plaintiff.

3

27. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff Rosetta Smalls became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Rosetta Smalls demands trial by jury in this action.

Dated: January 8, 2008

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

5

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Plaintiff Rosetta Smalls affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: January 8, 2008                                         /s/Rosetta Smalls__
                                                                Rosetta Smalls